## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>253 Northwest River Road, Sebago, ME 04029 |
| Tammy Kwaak, Personal Representative of the Estate of Pamela J. Charette and individually as devisee of Pamela J. Charette | Mortgage:<br>November 18, 2005<br>Book 23468, Page 271<br>Cumberland County Registry of Deeds |
| Defendant | |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Tammy Kwaak, Personal Representative of the Estate of Pamela J. Charette, and individually as devisee of Pamela J. Charette as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, in which the borrowers, Pamela J. Charette and Paul L. Charette, were the obligors and the total amount owed under the terms of the Note is Three Hundred Thirteen Thousand Three Hundred Forty-Two and 10/100 ($313,342.10) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust is a National Association with its principal place of business and main office in the State of Delaware at 1100 North Market Street, Wilmington, Delaware 19890 and is therefore a citizen of Delaware. *See BRT Management LLC v. Malden Storage LLC*, 2023 WL357390, (1st Cir. May 22, 2023); and 1*900 Capital Trust III by U.S. Bank Trust National Association v. Sidelinger,* 2021 WL 864951.

5. The Defendant, Tammy Kwaak, Personal Representative of the Estate of Pamela J. Charette, and individually as devisee of Pamela J. Charette is a resident of Sebago, County of Cumberland, and State of Maine, and therefore, for diversity purposes, is a citizen of the State of Maine.

## FACTS

6. On April 23, 1997, by virtue of a Warranty Deed from David A. Twombly and Helen M. Twombly, which is recorded in the Cumberland County Registry of Deeds in **Book 13045, Page 019**, the property situated at 253 Northwest River Road, City/Town of Sebago, County of Cumberland, and State of Maine, was conveyed to Paul L. and Pamela J. Charette, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On November 18, 2005, the borrowers, Pamela J. Charette and Paul L. Charette, executed and delivered to Lendia, Inc., a Massachusetts Corporation a certain Note under seal in the amount of $245,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on November 18, 2005, the borrowers, Pamela J. Charette and Paul L. Charette as joint tenants, executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Lendia, Inc., securing the property located at 253 Northwest River Road, Sebago, ME 04029 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 23468**, **Page 271**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. On January 28, 2010, the borrowers, Pamela J. Charette and Paul L. Charette, executed a Loan Modification Agreement which adjusted the principal amount of the Note to $255,349.61 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit D (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

10. The Mortgage was then assigned to Suntrust Mortgage, Inc. by virtue of an Assignment of Mortgage dated October 7, 2011, and recorded in the Cumberland County Registry of Deeds in **Book 29032**, **Page 340**. *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. Upon information and belief, Paul L. Charette, died on May 27, 2014, and as joint tenant Pamela J. Charette succeeded to the full ownership rights of the subject property.

12. On July 28, 2015, the borrower, Pamela J. Charette, executed a Loan Modification Agreement which adjusted the principal amount of the Note to $229,349.17 (herein after referred to as the "Loan Modification"), which acknowledged the enforceability of both the Note and Mortgage as of that date by that holder. That enforceability remains effective as of today's date by the Plaintiff and provides the Plaintiff with standing in this foreclosure and sale action. *See* Exhibit F (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

13. Upon information and belief, Pamela J. Charette, died on December 2, 2016, and her estate was probate in the Cumberland Probate Court Docket 2018-1604.

14. The Mortgage was then assigned to Federal National Mortgage Association by virtue of an Assignment of Mortgage dated December 2, 2016, and recorded in the Cumberland County Registry of Deeds in **Book 33667**, **Page 14**. *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

15. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust by virtue of an Assignment of Mortgage dated February 19, 2019, and recorded in the Cumberland County Registry of Deeds in **Book 35468**, **Page 270**. *See* Exhibit H (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

16. The Mortgage was further assigned to U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust by virtue of a Quitclaim Assignment dated January 12, 2024, and recorded in the Cumberland County Registry of Deeds in **Book 40569**, **Page 314**. *See* Exhibit I (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

17. On November 20, 2018, Tammy Kwaak was appointed Personal Representative of the Estate of Pamela Janet Charette by the Cumberland County Probate Court, Docket No. 2018-1604 and is the sole devisee of the aforesaid estate.

18. The Demand Letter was sent to the to the property address pursuant to the Note/Mortgage but not pursuant to 14 M.R.S.A. § 6111, on the grounds that the Demand Letter was not legally required to be provided when the foreclosure is solely *in rem* and no personal liability against any party is sought and the borrowers are deceased.

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, hereby certifies that it is the lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 and/or Note and Mortgage were strictly performed.

22. The total debt owed under the Note and Mortgage as of March 25, 2024, is Three Hundred Thirteen Thousand Three Hundred Forty-Two and 10/100 ($313,342.10) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $223,550.60 |
| Interest | $22,263.14 |
| Escrow Deficiency | $15,541.78 |
| Unpaid Late Charges | $1,190.08 |
| Deferred Amounts | $36,366.77 |
| Suspense Balance | $-654.77 |
| Recoverable Corporate Advance Balance | $15,084.50 |
| Grand Total | $313,342.10 |

23. Upon information and belief, the Defendant, Tammy Kwaak, Personal Representative of the Estate of Pamela J. Charette, and sole devisee of the estate is not presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE AND SALE

24. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure and sale respecting a real estate related Mortgage and title located at 253 Northwest River Road, Sebago, County of Cumberland, and State of Maine. *See* Exhibit A.

26. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, has the right to foreclosure and sale upon the subject property. *See Johnson v. Toothaker v. Bayview Loan Servicing, LLC,* 2022 WL 3278883 JDL (D. Me 2022), citing *Johnson v. Home State Bank,* 501 U.S. 78, 84 (1991).]

27. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendant, Tammy Kwaak, Personal Representative of the Estate of Pamela J. Charette, and devisee of the aforesaid estate is presently in default on said Mortgage and Note, having failed to make the monthly payment due May 1, 2020, and all subsequent payments, and, therefore, have breached the condition of the aforesaid Mortgage and Note, but Defendant, Tammy Kwaak, Personal Representative of the Estate of Pamela J. Charette and devisee of the aforesaid estate, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* Judgment against the property.

29. The total debt owed under the Note and Mortgage as of March 25, 2024, is Three Hundred Thirteen Thousand Three Hundred Forty-Two and 10/100 ($313,342.10) Dollars.

30. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendant, Tammy Kwaak, Personal Representative of the Estate of Pamela J. Charette's and devisee of the aforesaid estate, breach of condition, the Plaintiff hereby demands a foreclosure and sale on said real estate, but Defendant, Tammy Kwaak, Personal Representative of the Estate of Pamela J. Charette and devisee of the aforesaid estate, is not personally liable and accordingly, this action does not seek any personal liability on the part of the Defendant, but only seeks *in rem* Judgment against the property.

32. Notice in conformity with 14 M.R.S.A. § 6111 and/or Note and Mortgage was not sent to the Defendant, Tammy Kwaak, Personal Representative of the Estate of Pamela J. Charette, as the Notice was not legally required to be provided to the Defendant due to the borrowers being deceased. *See* Exhibit J.

33. The Defendant, Tammy Kwaak, Personal Representative of the Estate of Pamela J. Charette, is not in the Military as evidenced by the attached Exhibit K.

34. If any Defendant has received a Bankruptcy Discharge of this Debt, the Court should enter an Order finding that this action does not seek any personal liability on the part of that Defendant, but only seeks *in rem* judgment against the property.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, prays this Honorable Court:

a) Issue an *in rem* judgment of foreclosure and sale in conformity with Title 14 § 6322; accordingly, this action <u>does not</u> seek any personal liability on the part of the Defendant, Tammy Kwaak, Personal Representative of the Estate of Pamela J. Charette and devisee of the aforesaid estate, but only seeks *in rem* judgment against the property;

b) Determine the amount due and priority of any Parties-In-Interest that may appear in this action;

c) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, upon the expiration of the period of redemption;

d) Find that the Defendant, Tammy Kwaak, Personal Representative of the Estate of Pamela J. Charette and devisee of the aforesaid estate, is in breach of the Note by failing to make payment due as of May 1, 2020, and all subsequent payments; but, Defendant, Tammy Kwaak, Personal Representative of the Estate of Pamela J. Charette and devisee of the

aforesaid estate,, is not personally liable, and accordingly, this action does not seek personal liability on the part of the Defendant, but only seeks *in rem* judgment of foreclosure and sale against the property.

e) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF11 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

f) Impose the applicable time periods for redemption, etc., as reflected in 14 M.R.S.A. § 6322;

g) Find that while the Defendant, Tammy Kwaak, Personal Representative of the Estate of Pamela J. Charette and devisee of the aforesaid estate, has no personal liability in this matter, a Judgment of Foreclosure and Sale in this matter can be imposed *in rem* against the property commonly known as and numbered as 253 Northwest River Road, Sebago, ME 04029;

h) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF11
Master Participation Trust,
By its attorneys,

Dated: March 13, 2024

/s/Reneau J. Longoria, Esq.
Reneau J. Longoria, Esq. Bar No. 005746
Attorney for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 303C
Beverly, MA 01915
(978) 921-2670
RJL@dgandl.com